UNITED STATES DISTRICT COURT **02 - 23263**
SOUTHERN DISTRICT OF FLORIDA

CASE NO.                    **CIV - GOLD**

SHERIAN PALMER,

     Plaintiff,

MAGISTRATE JUDGE
SIMONTON

vs.

OLD TIME POTTERY, INC.,
a Florida corporation,

     Defendant.

_____/

## COMPLAINT

Plaintiff, SHERIAN PALMER, sues OLD TIME POTTERY, INC., a Florida

corporation, and states:

**NIGHT BOX
FILED**

**NOV 06 2002**

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### JURISDICTION AND VENUE

1.     This action seeks declaratory, injunctive and equitable relief, compensatory

and punitive damages, and costs and attorney's fees for the sex discrimination, sexual

harassment and retaliation suffered by Plaintiff in her employment and discharge by

Defendant.

2.     This action arises under Title VII of the Civil Rights Act of 1964, 42 USC §

2000e et seq., and the Civil Rights Act of 1991, 42 USC § 1981a.

3.     Jurisdiction is invoked pursuant to 28 USC § 1343(4) and 42 USC § 2000e-

5(f).

4.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 USC §§

2201, 2202 and 42 USC § 2000e-5(g).  Compensatory and punitive damages are sought



pursuant to 42 USC § 1981a.

5.     Costs and attorney's fees may be awarded pursuant to 42 USC § 2000e-5(k) and Fed.R.Civ.P. 54.

6.     This action properly lies in the Southern District of Florida, pursuant to 29 USC § 1391(b), because the claim arose in this judicial district, and pursuant to 42 USC § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## CONDITIONS PRECEDENT

7.     Plaintiff, PALMER, has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000(e).  A Notice of Right To Sue was issued by the Equal Employment Opportunity Commission (EEOC) on August 1, 2002 and received by the Plaintiff on August 8, 2002, a true and correct copy is attached hereto as Exhibit "A".

## PARTIES

8.     At all times material hereto, Plaintiff, PALMER, a Caucasian female, was a citizen and resident of the United States.

9.     At all times material hereto, Plaintiff, PALMER, was employed by the Defendant, OLD TIME POTTERY, INC., in various retail positions.

10.    At all times material hereto, Defendant, OLD TIME POTTERY, INC., was a Florida corporation with a retail store in Miami-Dade County, Florida.

11.    At all times material hereto, Defendant, OLD TIME POTTERY, INC., was an employer within the meaning of 42 U.S.C. § 2000e, and was engaged in an industry affecting commerce, and upon information and belief, employed more than fifteen (15)

employees for each working day in each of twenty (20) or more calendar weeks in the then current or preceding calendar year.

### COUNT I - Violation of the Civil Rights Act of 1964
### Sexual Harassment and Discrimination

12.     Plaintiff repeats and realleges paragraphs 1 through 11 as if stated herein in full.

13.     Plaintiff was subjected to sexual harassment by the Defendant's Store Manager and Assistant Store Manager since she became employed in 1999 up until her termination in March 2002.  The Manager and Assistant Manager approached Plaintiff on numerous occasions and made vulgar comments of a sexual nature.  Additionally, at least one co-worker approached Plaintiff on no less than one occasion to hug her and press his body against her.  Plaintiff pushed him away.  Plaintiff was also subjected to derogatory statements concerning her gender.  The sexual advances and statements by the Manager, Assistant Manager and co-worker eventually rose to the level of unwelcome physical contact of a sexual nature with the Plaintiff.

14.     Plaintiff complained to the Defendant's management and corporate offices, yet the Defendant failed to take any action concerning the harassment.  Plaintiff was terminated on or about March 1, 2002.

15.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is now and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff

solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

      a.     a declaration that the acts and practices complained of herein are in violation of Title VII;

      b.     enjoining and permanently restraining these violations of Title VII;

      c.     directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

      d.     compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

      e.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

      f.     trial by jury; and

      g.     such other relief as the court deems proper.

## COUNT II - Violation of the Civil Rights Act of 1964
### Retaliation

16.    Plaintiff repeats and realleges paragraphs 1 through 11 as if stated herein in full.

17.    Plaintiff complained about and expressed opposition to the sexual harassment and hostile work environment created by the sexual harassment, an unlawful

4

practice employment practice, to the Defendant's management and corporate office.

18.     Plaintiff's complaints about and opposition to unlawful employment practices were statutorily protected activity pursuant to 42 USC §2000e-3.

19.     In response to her complaints, Plaintiff was denied promotions, continuously reassigned to different positions and had her scheduled hours reduced.   On or about March 1, 2002, in response to Plaintiff's complaining about and expressing her opposition to the unlawful employment practices described herein, Defendant retaliated against Plaintiff by taking adverse employment action against her and terminating her employment.

20.     As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.   As a direct and proximate result of such actions, Plaintiff has been, is now and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a.     a declaration that the acts and practices complained of herein are in violation of Title VII;

b.     enjoining and permanently restraining these violations of Title VII;

c.     directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

5

      d.     compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

      e.     awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

      f.     trial by jury; and

      g.     such other relief as the court deems proper.

Respectfully submitted,

LAW OFFICE OF ROSIE LOY-PEREZ, P.A.
Counsel for Plaintiff
1550 Madruga Avenue, Suite 410
Coral Gables, Florida 33146
Telephone: (305) 661-8930
Facsimile: (305) 661-8935

and

TERI GUTTMAN VALDES, P.A.
Co-Counsel for Plaintiff
1550 Madruga Avenue, Suite 323
Miami, FL  33146
Telephone:  (305) 740-9600
Facsimile:   (305) 740-9202

By: _____
    Teri Guttman Valdes
    Fla. Bar No. 0010741

C:\MyFiles\2002\020073\Palmer Title VII Complaint.wpd

6

U.S. ____ual Employment Opportunity Com____ sion
____ISMISSAL AND NOTICE OF RIGHT____

| To:  Ms. Sherian Palmer<br>14760 S.W. 142nd Street<br>Miami, Florida 33196 | From:  Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |
|---|---|
| ☐   *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))* | |

| Charge Number<br>150 A2 01697 | EEOC Representative<br>Donn Dernick, Investigator | Telephone No.<br>(305) 536-5382 |
|---|---|---|

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interview, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## -- NOTICE OF SUIT RIGHTS --
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS** from your receipt of this Notice. Otherwise your right to sue based on the above-numbered charge will be lost.
**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

AUG 0 1 2002
_____
*(Date Mailed)*

On behalf of the Commission

_____
Federico Costales, District Director

cc:

Old Time Pottery, Inc.
Mr. Oliver Odenbaugh, H.R. Director
P.O. Box 1838
Murfreesboro, TN 37133

— Exhibit "A" —

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

## 02 - 23263

## CIV - GOLD

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Sherian Palmer

### DEFENDANTS
Old Time Pottery, Inc.

MAGISTRATE JUDGE
SIMONTON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES. USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

BKd 11-06-0202cw 23263/(old/S)monton

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Teri Guttman Valdes, Esq.
1550 Madruga Ave, Suite 323
Coral Gables, Florida 33146

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

NIGHT BOX FILED
NOV 06 2002
CLARENCE MADDOX
CLERK, USDC/SDFL/MIA

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury — Med. Malpractice | B☐ 640 R R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury — Product Liability | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| B☐ 220 Foreclosure | ☒ 442 Employment | B☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 530 General | | | A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | A☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | B☐ 540 Mandamus & Other | | | |
| | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000e, et seq

LENGTH OF TRIAL
via___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  11/6/02

SIGNATURE OF ATTORNEY OF RECORD

$150.00   872080

11/07/02

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____